IN THE UNITED STATES COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY<br>202B Hall's Mill Road<br>Whitehouse Station, New Jersey 08889 | )<br>)<br>) | CASE NO:  3:26-cv-00127 |
| | ) | JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | COMPLAINT FOR DECLARATORY<br>JUDGMENT |
| MARIANIST PROVINCE OF THE UNITED<br>STATES<br>4425 West Pine Boulevard<br>St. Louis, Missouri 63108 | )<br>)<br>)<br>) | **Jury Demand Endorsed Hereon** |
| Also to: | )<br>) | |
| MARIANIST PROVINCE OF THE UNITED<br>STATES<br>c/o Statutory Agent – Merle F. Wilberding<br>33 West First Street, Suite 600<br>Dayton, Ohio 45402 | )<br>)<br>)<br>)<br>)<br>) | |
| Defendant. | | |

Now comes Federal Insurance Company ("Federal"), by and through undersigned counsel, and for its Complaint for Declaratory Judgment against the Marianist Province of the United States ("Marianist Province"), states and avers as follows:

## PARTIES

1.      Plaintiff Federal is a corporation organized under the laws of Indiana with its principal place of business located in Whitehouse Station, New Jersey.  Federal is licensed to operate in the State of Ohio.

2.      Upon information and belief, Marianist Province is a corporation organized under the laws of Missouri with its headquarters and principal place of business in Saint Louis, Missouri. Marianist Province also is licensed in Ohio as a foreign corporation.

3.     Upon information and belief, the Marianist Province is the successor in interest to the Marianists Society, Inc.

## JURIDICTION AND VENUE

4.     This Court has original jurisdiction over the subject matter of this dispute pursuant to 28 U.S.C. § 1332(a)(2) because this is an action between the citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and (3) because the insurance policies at issue were issued by Federal to the Marianists Society Inc. and Marianists of Ohio Inc. in Ohio through an insurance broker located in Dayton, Ohio.  Further, the Marianist Province is subject to this Court's personal jurisdiction.

6.     The requested relief is proper under 28 U.S.C. §§ 2201-2202 (Declaratory Judgment Act) because there now exists an actual, justiciable controversy between Federal and the Marianist Province.

## FACTUAL ALLEGATIONS

The Insurance Policies

7.     Federal has located evidence that it issued Comprehensive General Liability Policy No. FMPO 692 82 01, to the Marianists Society Inc. (the "Primary Policy").  Federal has been unable to locate a complete copy of the Primary Policy.  It has located only copies of declaration pages and/or policy documents, including endorsements which are attached as Exhibit A.

8.     The documents located by Federal include a Commercial Property Policy Non-Reporting Form stating that Federal insured the Marianist Society Inc. "From August 1, 1969 To Until Cancelled."

2

9.       The documents located by Federal also include "Liability Declarations" for the Primary Policy also indicating that Federal insured the Marianist Society Inc. "From August 1, 1969 To Until Cancelled."  The Liability Declarations indicate that the Primary Policy had a limit of Liability for bodily injury of $300,000 for each occurrence and $300,000 in the aggregate for completed operations hazard and products hazard.  The Liability Declarations state that the "Insurance applies only to those coverages for which a Limit of Liability is shown.  The Company under this Part II, shall not be liable for more than:"

| | | |
|---|---|---|
| Comprehensive General Liability Insurance | $300,000.00 | for bodily injury liability for each occurrence or for personal injury liability. |
| | $300,000.00 | bodily injury, liability aggregate for completed operations hazard and products hazard. |
| | $ 50,000.00 | for property damage liability for each occurrence. |
| | $ 50,000.00 | property damage liability aggregate for completed operations hazard and products hazard. |

10.      Federal located evidence that the Primary Policy was cancelled effective August 1, 1979.

11.      Federal located evidence it issued Umbrella Excess Liability Policy No. 77802491 listing Marianist of Ohio, Inc. and Marianists Society Inc. as Named Insureds for the period September 1, 1973 to August 1, 1974 the ("Umbrella Policy") (the Umbrella Policy and the Primary Policy are collectively referred to as the "Federal Policies").  Federal has been unable to locate a complete copy of the Umbrella Policy.  It located copies of only declaration pages, a schedule of underlying insurance and other policy documents, including endorsements which are attached as Exhibit B.

12.     The Declarations located by Federal for the Umbrella Policy identify the following Limits of Liability: "(a) Limit in respect of each occurrence . . .  $1,000,000.00;" and "(b) Limit in the Aggregate for each Annual period where applicable:  $1,000,000.00."

13.     The Declarations located by Federal for the Umbrella Policy also list an address for the Named Insureds of 2765 Ridgeway Road, Dayton, Ohio.  The Declarations further indicate this policy was issued at Cincinnati, Ohio and lists the Broker or Agent as John L. MacBeth Company.  Additional documents located by Federal list an address for the John L. MacBeth at 2160 Winters Bank Tower, Dayton, Ohio 45402.

14.     While Federal has not located complete copies, the documents located indicate the Federal Policies were occurrence-based policies, which generally provide coverage for bodily injury caused by an occurrence, as defined by the policies, that occurred during the policy period subject to the terms and conditions of the policies.  The Federal Policies would not have provided coverage for injuries that were expected or intended.

15.     While Federal has not located complete copies of the Federal Policies, the policy forms used by Federal during the policy periods of the Federal Policies typically defined an "occurrence" as an "event, or continuous or repeated exposure to conditions, which unexpectedly and unintentionally cause personal injury or injury or destruction of tangible property during the policy period." The policy forms also typically included an exclusion for bodily injury that was expected and/or intended from the standpoint of the insured.

The Lawsuits

16.     Four separate lawsuits have been filed, each by a Jane Doe plaintiff in the Superior Court of New Jersey, Law Division, Cape May County, against the Marianist Province and the Marianist Family Retreat Center (the "Lawsuits"). The underlying Plaintiffs allege in the Lawsuits

4

that they were sexually abused when they were minors by Father John J. Sheehan and/or Brother Albert Koch, who were employees/agents of the Marianist Province at the Cape May Marianists Retreat Center.  The Plaintiffs allege claims for: (1) negligence; (2) respondeat superior/vicarious liability; (3) negligent supervision and retention; and (4) premises liability against the Marianist Province.  The Plaintiffs also allege they sustained physical, emotional, and psychological injuries as well as pain and suffering.  The Lawsuits are captioned and make the following general allegations:

- *Jane Doe RP v. Marianist Province of the United States, et. al,* case no. CPM-L-000004-21 (alleging sexual abuse by Sheehan and Koch in summer 1974);

- *Jane Doe SJ v. Marianist Province of the United States, et. al,* case no. CPM-L-000457-21 (alleging sexual abuse by Sheehan between approximately 1975 and 1977);

- *Jane Doe SC v. Marianist Province of the United States, et. al,* case no. CMP-L-000210-21 (alleging sexual abuse by Sheehan between approximately 1978 and 1979);

- *Jane Doe GM v. Marianist Province of the United States, et. al,* case no. CMP-L-000430-21 (alleging sexual abuse by Koch between approximately 1974 and 1976).

17.     In the Lawsuits, the Plaintiffs allege that the Marianist Province is the successor nonprofit business entity to the Marianists Society, Inc.

18.     The Marianist Province provided notice of the Lawsuits to Federal.  Federal responded by sending the Marianist Province reservation of rights letters dated June 8, 2021, February 15, 2024, September 5, 2024, and January 9, 2025, notifying the Marianist Province that Federal had not located complete originals or copies of insurance policies and instead had found information suggesting only that the Primary Policy and Umbrella Policy had been issued by Federal to the Marianists Society Inc. and the Marianists of Ohio, Inc.

19.     Federal stated in the reservation of rights letters that notwithstanding its inability to locate the originals or copies of the Federal Policies, these "liability policies generally provide coverage for covered injury during the policy period caused by an occurrence, subject to the terms and conditions of the policies."

20.     Federal agreed in the reservation of rights letters to defend the Marianist Province for the Lawsuits under the Primary Policy subject to a complete reservation of Federal's rights, including the right to disclaim or deny coverage in the event facts and circumstances revealed in the future demonstrate the absence of coverage.   The reservation of rights letters also notified the Marianist Province that Federal did not have a duty to defend it in the Lawsuits under the Umbrella Policy.

21.     Among other things, the reservation of right letters notified the Marianist Province that the Federal Policies provided coverage only for bodily injury that occurs during the policy period and that Federal denied coverage under any policies not in effect during the period of the alleged abuse for each of the Jane Doe Plaintiffs.

22.     Federal also expressly reserved its right to deny coverage and explained that the Federal Policies: (1) only provide coverage for bodily injury and to the extent any of the Plaintiffs' allegations do not constitute bodily injury as defined in the Federal Policies, no coverage is available; (2) only provide coverage for bodily injury caused by an occurrence, generally defined as an accident neither expected nor intended from the standpoint of the insured, and to the extent that the Lawsuits do not involve injury caused by an occurrence, as defined by the Federal Policies, no coverage is available; and (3) may include exclusions, including but not limited to exclusions for intentional conduct, expected or intended injury, criminal or malicious acts, abuse and/or

molestation, or sexual misconduct, and to the extent that the Federal Policies are determined to include any exclusions applicable to the Lawsuits, Federal may deny coverage.

23. Federal expressly reserved its right to seek recoupment from the Marianist Province of any amounts paid for defense costs and expenses that Federal pays which are attributable to claims that are not covered by the Primary Policy. Federal also expressly reserved its right to file an action for declaratory relief to determine its rights and duties under any actual or alleged policies.

24. The Marianist Province has not provided to Federal any further documents related to or copies of the Federal Policies.

25. Federal has been defending the Marianist Province in the Lawsuits subject to the reservations set forth in the reservation of rights letters since June 8, 2021.

26. Federal now files this action seeking declaratory relief regarding its rights and duties under the Federal Policies.

## <u>COUNT I</u>
### (Declaratory Relief: Coverage Terms of the Federal Policies)

27. Federal incorporates and restates the allegations set forth in Paragraphs 1 to 26 of this Complaint as if set forth in full.

28. Federal has not located complete copies of the Federal Policies and the Marianist Province has not provided or identified any copies of the Federal Policies.

29. It is the burden of the Marianist Province to prove the terms of the Federal Policies and that the Lawsuits fall within the coverage provided by those policies. This burden includes but is not limited to the periods for which the Federal Policies were issued, the limits of liability, the insuring agreements and other policy terms, conditions, exclusions, and/or definitions.

7

30.     To date, the Marianist Province has not met its burden to establish the terms of the Federal Policies and that the Lawsuits fall within the coverage provided by those policies.

31.     Federal seeks a declaration that the Marianist Province has not met its burden to establish the terms of the Federal Policies and that the Lawsuits fall within the coverage provided by the Federal Policies and/or a declaration regarding the terms of the Federal Policies.

32.     An actual and justiciable controversy exists between Federal and the Marianist Province regarding the terms of the Federal Policies and whether the Marianist Province has met its burden to establish the terms of the Federal Policies and that the Lawsuits fall within the coverage provided by the Federal Policies.

## COUNT II
### (Declaratory Relief: Bodily Injury During Policy Period)

33.     Federal incorporates and restates the allegations set forth in Paragraphs 1 to 32 of this Complaint as if set forth in full.

34.     In the alternative, Federal avers that the Federal Policies, which were occurrence-based policies, would have covered only bodily injury to a third party, caused by an accident or occurrence, that occurred during the policy period.

35.     Federal seeks a declaration that its potential obligation to provide coverage, including to defend or indemnify the Marianist Province in any Lawsuit, is limited to those Federal Policies issued for a period in which the sexual abuse and resulting bodily injuries allegedly occurred in connection with that Lawsuit.

36.     An actual and justiciable controversy exists between Federal and the Marianist Province regarding whether or the extent to which the Federal Policies provide coverage for the Lawsuits.

8

## COUNT III
### (Declaratory Relief: Limits of Liability and Number of Occurrences)

37. Federal incorporates and restates the allegations set forth in Paragraphs 1 to 36 of this Complaint as if set forth in full.

38. The Primary Policy documents located by Federal indicate that the Primary Policy provided a Limit of Liability of $300,000.00 "for bodily injury liability for each occurrence." The Umbrella Policy documents located by Federal indicate that the Umbrella Policy has a Limit of Liability "in respect to each occurrence" and "in the Aggregate where applicable" of $1,000,000.00.

39. The Federal Policies would have generally defined an "occurrence" as an "event, or continuous or repeated exposure to conditions, which unexpectedly and unintentionally cause personal injury or injury or destruction of tangible property during the policy period."

40. In the alternative, Federal avers that to the extent that the Federal Policies provide coverage for the Lawsuits, in whole or in part, all the Lawsuits arise out of the same single occurrence.

41. Accordingly, as to all the Lawsuits for which Federal may be obligated to indemnify the Marianist Province, Federal seeks a declaration that the Lawsuits collectively arise out of a single occurrence and the coverage under any of the Federal Policies for the Lawsuits is limited to a single "each occurrence" Limit of Liability.

42. An actual and justiciable controversy exists between Federal and the Marianist Province regarding the limits of liability and number of occurrences for insurance coverage for the Lawsuits under the Federal Policies.

**COUNT IV**
**(Declaratory Relief: No Duty to Indemnify)**

43.     Federal incorporates and restates the allegations set forth in Paragraphs 1 to 42 of this Complaint as if set forth in full.

44.     The Federal Policies would have provided coverage only for bodily injury caused by an occurrence, generally defined as an accident neither expected nor intended from the standpoint of the insured.  Such policies are known in the insurance industry as "occurrence" policies, and—like all occurrence policies—cover only liabilities caused by an "accident" or "occurrence" and do *not* cover liabilities for injuries that the insured expected or intended.

45.     The Federal Policies also would have included exclusions, which exclude coverage for intentional conduct and/or expected or intended injury.

46.     The Lawsuits all allege that the Plaintiffs were sexually abused by Sheehan and/or Koch who were employed by the Marianist Province at the Marianist Province Family Retreat Center and that the Marianist Province knew or should have known of the propensity of these individuals to sexually abuse children and that therefore the abuse was foreseeable.  Plaintiffs claim in the Lawsuits that the Marianist Province had notice during the relevant time periods that Sheehan and Koch were committing the alleged sexual abuse.

47.      Based on the claims in the Lawsuits, Federal is entitled to a declaration that the policies do not provide coverage because the Lawsuits do not seek to recover for an occurrence as defined in the Federal Policies and/or the alleged bodily injury was expected or intended from the standpoint of the insured and is therefore excluded from coverage.

48.      An actual and justiciable controversy exists between Federal and the Marianist Province regarding whether or the extent to which the Federal Policies provide indemnity coverage

for the Lawsuits.

**COUNT V**
**(Declaratory Relief: Right to Recoupment)**

49.     Federal incorporates and restates the allegations set forth in Paragraphs 1 to 48 of this Complaint as if set forth in full.

50.     Federal expressly reserved its right to seek recoupment from the Marianist Province of any amounts associated with the defense costs or expenses it paid which are attributable to claims in the Lawsuits that are not covered by the Federal Policies.

51.     To the extent the Court determines that any of the claims in the Lawsuits are not covered by the terms of the Federal Policies as established by the Marianist Province, Federal seeks a declaration it is entitled to recoupment of the defense costs paid in connection with such claims.

52.      An actual and justiciable controversy exists between Federal and the Marianist Province regarding whether or the extent to which Federal may be entitled to recoupment of defense costs.

WHEREFORE, Federal prays that the Court grant following declaratory relief:

- The Marianist Province has not met its burden to establish the terms of the Federal Policies and that the Lawsuits fall within the coverage provided by the Federal Policies and/or a declaration regarding the terms of the Federal Policies;

- Federal's potential obligation to provide coverage, including to defend or indemnify the Marianist Province in any Lawsuit, is limited to those Federal Policies issued for a period in which the alleged sexual abuse and resulting bodily injuries occurred in connection with that Lawsuit;

- the Lawsuits collectively arise out of a single occurrence and the coverage under any of the Federal Policies for the Lawsuits, if any, is limited to a single "each occurrence" Limit of Liability;

11

- the Federal Policies do not provide coverage because the Lawsuits do not seek to recover for an occurrence as defined in the Federal Policies and/or the alleged bodily injury was expected or intended from the standpoint of the insured and is therefore excluded from coverage; and

- Federal is entitled to recoupment of the defense costs paid in connection with claims in the Lawsuits that are not covered by the terms of the Federal Policies as established by the Marianist Province.

**SEELEY, SAVIDGE, EBERT & GOURASH CO., LPA**

*/s/ Daniel F. Gourash*
Daniel F. Gourash (0032413)
Robert D. Anderle (0064582)
Clare C. Moran (0081134)
Seeley, Savidge, Ebert & Gourash Co., LPA
26600 Detroit Road, Suite 300
Westlake, Ohio 44145
(216) 566-8200 / (216) 566-0213 facsimile
dfgourash@sseg-law.com
rdanderle@sseg-law.com
cmoran@sseg-law.com
*Attorneys for Plaintiff, Federal Insurance Company*

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all issues so triable.

*/s/ Daniel F. Gourash*

Daniel F. Gourash (0032413)
Robert D. Anderle (0064582)
*Attorneys for Plaintiff*

13